DANIEL G. BOGDEN
United States Attorney
ELIZABETH A. OLSON
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775)784-5438

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) | 2:99-cr-038-KJD-RJJ |
|---|---|---|
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S MOTION TO UNSEAL RECORDS OR, IN THE ALTERNATIVE, TO FILE RESPONSE TO DEFENDANT'S PETITION UNDER SEAL |
| v. | ) | |
| ARIEL VARONA MARTINEZ, | ) | |
| Defendant. | ) | |

CERTIFICATION: Undersigned counsel certifies that this motion is timely filed.

THE UNITED STATES, by and through DANIEL G. BOGDEN, United States Attorney, and ELIZABETH A. OLSON, Assistant United States Attorney, files this motion for an order unsealing the transcript of Defendant's change-of-plea hearing, the transcript of Defendant's sentencing hearing, the plea agreement, and the judgment in this case or, in the alternative, to file under seal its response in opposition to Defendant's petition for a writ of error *coram nobis*. This order is sought for the following reasons:

1. The defendant, ARIEL VARONA MARTINEZ, has filed a petition for a writ of error *coram nobis*. *See* CR 102. On August 1, 2011, this Court ordered the government to respond to Defendant's petition by September 1, 2011. *See* CR 104.

2. The government's response refers to and quotes from the transcript of Defendant's change-of-plea hearing, the transcript of Defendant's sentencing hearing, the plea agreement, and

the judgment. It appears from the clerk's record that each of these documents was filed under seal. Although the government attached copies of these documents to its (unsealed) response to Defendant's 2001 motion to vacate his sentence pursuant to 28 U.S.C. § 2255, *see* CR 93, undersigned counsel has found no order unsealing those documents.

3. From her review of the available documents, undersigned counsel believes the documents in this case were sealed because Defendant was at that time cooperating with law enforcement. Undersigned counsel assumes that the parties asked to file these documents under seal to avoid public disclosure of the fact of Defendant's cooperation. Other than general references to Defendant's cooperation, undersigned counsel sees nothing in the transcript of Defendant's change-of-plea hearing, the transcript of Defendant's sentencing hearing, the plea agreement, or the judgment that would warrant sealing.

4. In his petition, which is unsealed, Defendant publicly acknowledges that he provided substantial assistance to the government both before and after his sentencing. CR 101, at 2-3. In light of Defendant's public acknowledgment of cooperation, undersigned counsel does not believe any purpose would be served by continuing to maintain under seal the transcript of Defendant's change-of-plea hearing, the transcript of Defendant's sentencing hearing, the plea agreement, or the judgment.

5. The government's response in opposition to Defendant's petition cites to and quotes these documents. Therefore if the documents are to remain sealed, the government's response should be filed under seal as well.

**WHEREFORE**, based on the foregoing, the government respectfully requests an order unsealing the transcript of Defendant's change-of-plea hearing, the transcript of Defendant's sentencing hearing, the plea agreement, and the judgment in this case. In the alternative, the government respectfully requests that its opposition to Defendant's petition for a writ of error *coram nobis* be filed under seal.

Dated this 1st day of September, 2011.

                        DANIEL G. BOGDEN
                        United States Attorney

                        s/ Elizabeth A. Olson
                        ELIZABETH A. OLSON
                        Assistant United States Attorney

IT IS ORDERED THAT THE TRANSCRIPTS ARE UNSEALED AS REQUESTED.

DATED: 10/11/11

_____

UNITED STATES DISTRICT JUDGE