UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>ARIEL VARONA MARTINEZ,<br><br>          Defendant. | Case No. 2:99-cr-038-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Defendant Martinez' Motion for Writ of *Coram Nobis* (#101). Plaintiff filed a response in opposition (#109) to which Defendant replied (#111).

I. Background

On February 3, 1999, Defendant Ariel Varona Martinez was charged with conspiracy to possess with the intent to distribute five kilograms of cocaine, attempt to possess with intent to distribute, and possession of a firearm in relation to a drug trafficking crime. Defendant plead guilty on all counts on October 8, 1999, pursuant to a plea agreement dated September 15, 1999. Defendant was sentenced to seventy months in federal prison on May 26, 2000 and the Court entered judgment on May 30, 2000.

After Defendant's release in March 2004, immigration authorities took Defendant into custody and executed a removal order. Defendant's Cuban nationality prevents the typical

detainment and deportation that occurs when immigrants are convicted of an aggravated felony. Instead, Immigration Customs Enforcement currently requires Defendant to meet with the agency every three months for an indefinite period of time.

Defendant filed a Motion for Writ of *Coram Nobis* Vacating Guilty Plea and Conviction on June 28, 2011. In the Motion, Defendant alleges that the previous attorney violated Defendant's Sixth Amendment rights by failing to advise of the potential immigration consequences of a guilty plea.

II. Legal Standard for a Writ of Coram Nobis

"*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002). Four requirements must be met to qualify for *coram nobis* relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. United States v. Kwan, 407 F.3d 1005, 1011 (9th Cir. 2005) (quoting Estate of McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995)).

III. Analysis

Defendant's Motion for Writ of *Coram Nobis* is denied because the Supreme Court decision in Chaidez v. United States preempts the current case. 133 S. Ct. 1103, 1105, 1112-13 (U.S. 2013). Chaidez holds that Padilla v. Kentucky, 176 L. Ed. 2d 284 (U.S. 2010) (holding that attorneys must inform clients of potential deportation issues from pleading) does not retroactively apply. Id.

An individual no longer in custody may employ a writ of *coram nobis* to make a Sixth Amendment assistance of counsel attack on his conviction. United States v. Mett, 65 F.3d 1531, 1534 (9th Cir. 1995). Such an attack satisfies the fundamental error requirement laid out by Kwan. See 407 F.3d at 1014. The Sixth Amendment grants the right to effective counsel. Strickland v. Washington, 466 U.S. 668, 686 (U.S. 1984). In Strickland, a two-prong inquiry was created to identify Sixth Amendment violations. Id. at 688, 694.  The inquiry analyzes whether (1) the counsel's

assistance falls below an objective standard of reasonableness and (2) if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

In the following years, courts almost unanimously concluded that the Sixth Amendment required attorneys to inform their client of direct consequences of a conviction, but did not require the disclosure of a conviction's collateral consequences, such as deportation. See Chaidez, 133 S. Ct. at 1109-10. As a collateral consequence, Strickland did not apply to deportation. See Id. In 2010, the Supreme Court changed this when it held "that counsel must inform her client whether his plea carries a risk of deportation." Padilla, 176 L. Ed. 2d at 299. Additionally, the collateral versus direct distinction was held to be "ill-suited to evaluating a Strickland claim concerning the specific risk of deportation." Id. at 294.

Defendant asserts that a grant of writ of *coram nobis* is appropriate because the current case satisfies the prerequisites set out by Kwan, in light of Padilla. Defendant alleges that previous counsel failed to advise of the potential immigration consequences of the guilty plea in September, 1999, which is an error of the most fundamental nature under Padilla. Such an analysis is correct; however, the recent Supreme Court ruling of Chaidez v. United States, decided on February, 20, 2013, preempts the use of Padilla in the present case. 133 S. Ct. at 1105, 1112-13.

In Chaidez, the Supreme Court clarified Padilla, holding that it did not have retroactive effect and is not applicable to those who received a final conviction prior to the Padilla decision. See Id. at 1103. The crux of the issue in Chaidez is whether Padilla created a new rule, since new rules do not retroactively apply to already-final criminal convictions. Id. at 1107. The Supreme Court held that Padilla was a new rule because it imposed a new obligation on attorneys. Id. at 1107-10. Padilla's holding went against the then-dominant view of deportation by holding that a lawyer must advise of potential deportation risks. See Id. at 1110. As a result, "defendants whose convictions became final prior to Padilla . . . cannot benefit from its holding." Id. 1113.

The facts of Chaidez closely mirror those of the present case. Chaidez describes the situation of a woman who is not a native of the United States. Id. at 1105. The woman pled guilty to an aggravated felony and, upon completion of her sentence, faced immediate deportation. Id. at 1106. The woman alleged in a petition for a writ of *coram nobis* that her previous counsel never advised her of the potential immigration consequences of her plea, which constituted ineffective assistance of counsel under the Sixth Amendment. Id. The Supreme Court decided Padilla while the petition was pending and vindicated the woman's view on the Sixth Amendment. Id. However, the Court's ruling in Chaidez prevented her from benefitting from Padilla's holding. Id. at 1113.

Chaidez similarly prevents Defendant from benefitting from the Padilla holding. Defendant's conviction became final years before Padilla was decided. Chaidez held that Padilla is not retroactive. The Court, therefore, cannot grant Defendant's Motion for Writ of *Coram Nobis*.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Martinez' Motion for Writ of Coram Nobis (#101) is **DENIED**.

DATED this 23rd day of May 2013.

_____
Kent J. Dawson
United States District Judge